IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HARLEY-DAVIDSON CREDIT CORP., ) | |
| ) | |
| Plaintiff, ) | 4:10CV3094 |
| ) | |
| v. ) | |
| ) | |
| ELWORTHS' HARLEY-DAVIDSON ) | MEMORANDUM AND ORDER |
| SALES & SERVICE, INC., GREG ) | |
| ELWORTH, and MARY JO ELWORTH, ) | |
| ) | |
| Defendants. ) | |

A telephonic conference was held before the undersigned magistrate judge on November 19, 2010. Counsel for the plaintiff and Greg Elworth participated in the call. Mary Jo Elworth received notice of the conference call, but she did not participate. Elworths' Harley-Davidson Sales & Service, Inc. is not represented by counsel, cannot appear in this court without counsel, and therefore also did not participate in the telephonic conference. The pending issues were discussed at length.

The plaintiff's complaint alleges the plaintiff extended financing to defendant Elworths' Harley-Davidson Sales & Service, Inc. under the terms of a financing agreement and, in exchange, was granted a purchase money security interest in the inventory and equipment financed under the agreement. See filing no. 1-1, Ex. A, Customer Financing Agreement. The financing agreement was guaranteed by defendants Greg Elworth and Mary Jo Elworth, (filing nos. 1-2, Ex. B, Greg Elworth Guaranty; 1-3, Ex. C, Mary Jo Elworth Guaranty). The complaint alleges defendant Elworths' Harley-Davidson Sales & Service, Inc. failed to make payments as required under the financing agreement, and defendants Greg Elworth and Mary Jo Elworth failed to make payments as required under their respective guaranty agreements. The complaint seeks return of purchase agreement collateral and a money judgment for any remaining amounts owed.

The plaintiff moved for a temporary restraining order requiring the defendants to relinquish possession and control over the financing agreement collateral; specifically, eighteen motorcycles. See filing no. 2. The court held a hearing on plaintiff's motion and ordered the defendants to

"promptly surrender possession of the Motorcycles to Plaintiff's representatives." Filing No. 24. Counsel James McCann represented the defendants at the hearing, (text entry 23), and later filed an answer on defendants' behalf. Filing No. 27.

From a review of the pleadings, and based on the representations of plaintiff's counsel and Greg Elworth, the posture of this case has changed since the case was filed. Specifically,

- The defendants no longer possess the eighteen motorcycles. Accordingly, the plaintiff's claim is now limited to monetary amounts allegedly owed by the defendants to the plaintiff. During the conference call on November 19, 2010, plaintiff's counsel could not state how much money the defendants still owe.

- The defendants are no longer represented by counsel. See filing no. 33. Despite the court advising the defendants by court order, (see filing no. 33), and during the November 19 telephonic conference, that Elworths' Harley-Davidson Sales & Service, Inc. cannot appear in this forum without counsel, Elworths' Harley-Davidson Sales & Service, Inc. is unrepresented, and based on Greg Elworth's statements, will remain unrepresented.

- In response to the court's warning that a default may be entered against Elworths' Harley-Davidson Sales & Service, Inc. if it remains unrepresented, (filing no. 44), Greg Elworth filed a response on September 3, 2010 which states the plaintiff owes money to the defendants. In the filed response, Mr. Elworth acknowledges he owes the plaintiff "some money for motorcycle floor planning interest and also some money for one motorcycle that I have partially financed with them," but further states "H-D Credit Corporation owes me a relatively equal amount of money for back warranty claims that we were unable to process toward the end of the 2009 calendar." Filing No. 45. During the telephonic conference, Mr. Elworth explained the allegedly unpaid warranty work was completed by and owed to Elworths' Harley-Davidson Sales & Service, Inc. The answer filed on behalf of the defendants by counsel James McCann raises no counterclaims and/or claims for set off against

the plaintiff. Filing No. 27. During the November 19 conference call, the court repeatedly advised Greg Elworth that claims for amounts allegedly owed by the plaintiff to Elworths' Harley-Davidson Sales & Service, Inc. for warranty work cannot be raised and resolved in this forum if Elworths' Harley-Davidson Sales & Service, Inc. is not represented by counsel.

The telephonic conference held on November 19, 2010 ended abruptly when Greg Elworth was summoned to perform duties for the local volunteer fire department. The call will be re-convened as set forth in this order.

Accordingly,

IT IS ORDERED:

1) A telephonic conference is scheduled for November 24, 2010 at 3:00 p.m. to discuss further progression of this case. **The telephonic conference will be held on the record, and the call will be placed by the court**. Mary Jo Elworth must contact my chambers immediately at 437-1670 if she wants to participate in the telephonic conference or needs it re-scheduled to accommodate her participation.

2) At the telephonic conference on November 24, 2010:

   a. The plaintiff shall be prepared to state the amount of money it claims the defendants, or each of them, owe the plaintiff under the terms of the financing agreement and guaranty agreements at issue.

   b. Greg and/or Mary Jo Elworth shall advise the court as to whether they will continue to litigate this case *pro se*, and whether counsel will be retained to represent Elworths' Harley-Davidson Sales & Service, Inc.

3) The defendants are hereby notified that if Elworths' Harley-Davidson Sales & Service, Inc. is not represented by counsel at the telephonic conference on November 24, 2010, issues regarding how much money is allegedly owed by the plaintiff to Elworths' Harley-Davidson Sales & Service, Inc. for warranty work will not be discussed.

November 20, 2010.　　　　　　　　　　　BY THE COURT:
　　　　　　　　　　　　　　　　　　　　*s/ Cheryl R. Zwart*
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge