IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HARLEY-DAVIDSON CREDIT CORP., | ) | 4:10CV3094 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ELWORTHS' HARLEY-DAVIDSON | ) | |
| SALES & SERVICE, INC.; GREG | ) | |
| ELWORTH; and MARY JO ELWORTH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Two of the defendants, Mary Jo Elworth and Elworths' Harley-Davidson Sales & Service, Inc., have not participated in this action since their counsel withdrew effective July 16, 2010. The third defendant, Greg Elworth, appearing pro se, participated in status conference calls with Magistrate Judge Cheryl R. Zwart on November 19 and 24, 2010, but did not take part in the next status conference call on January 18, 2011, nor did he comply with Judge Zwart's order that by December 15, 2010, he provide the plaintiff, Harley Davidson Credit Corp., with a descriptive statement or listing of amounts claimed to be owing to the defendants.

Immediately following the January 18th status conference call, the plaintiff filed a motion for entry of a default judgment against all defendants. One of the plaintiff's attorneys, Trev E. Peterson, stated in a supporting affidavit that neither "Greg Elworth, nor any of the other Defendants or any attorney or anyone else acting on Defendants' behalf, have contacted him since the November 24, 2010 conference call with the court; and that he has not received any description of the amount or nature of any amounts that the Defendants' claim are due from the Plaintiff." (Filing 55-1, at 6-7.)

On February 28, 2011, I entered a memorandum and order directing the clerk of the court to enter default against each defendant and scheduled a hearing for March 23, 2010, to receive additional evidence on the plaintiff's motion. However, on March 9, 2010, the court received correspondence from Greg Elworth indicating that he had mailed information concerning the defendants' claims to Mr. Peterson on January 21, 2011. Treating Mr. Elworth's letter as a motion to set aside the default under Federal Rule of Civil Procedure 55(c), I continued the hearing indefinitely and gave the plaintiff 14 days to respond. In the plaintiff's response, filed on March 25, 2011, Mr. Peterson acknowledges that the mailing from Mr. Elworth was received on January 24,

2011, and that it "contain[ed] a copy of the summary of the Defendants' claim as required by the Magistrate's order." (Filing 60, at 1.)

"Rule 55(c) provides that the district court may set aside an entry of default '[f]or good cause shown,' and may set aside a default judgment 'in accordance with Rule 60(b).' Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, '[m]ost decisions ... hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order.'" *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir.1998) (citations omitted). "There is a 'judicial preference for adjudication on the merits,' *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir.1993), and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.* at 784. In deciding whether there is "good cause" for setting aside an entry of default, a court must consider "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Id.*

Mr. Elworth has not explained why he failed to participate in the status conference call on January 18, 2011, or to send the information to the plaintiff by December 15, 2010. In his letter to Mr. Peterson, which was dated January 2, 2011, but not mailed until January 21, 2011, Mr. Elworth merely apologized for being late and stated that he had been "forced to do all of my work without the help of a service manager or a lawyer." (Filing 58, at 2.) Mr. Elworth was served with a copy of the plaintiff's motion for entry of default judgment but did not respond to the motion or contact the court until after the default was entered.[1]

The plaintiff claims Mr. Elworth is liable on a personal guaranty for his corporation's debt. Mr. Elworth has denied this claim in the defendants' answer. In another letter sent to the court on September 2, 2010, in response to a show cause order, Mr. Elworth admitted owing the plaintiff "some money for motorcycle floor planning interest and also some money for one motorcycle that I have partially financed with them," but also claimed the plaintiff "owes me a relatively equal amount of money for back warranty claims ... as well as some other outstanding liabilities." (Filing 45, at 1.) During the status conference call on November 19, 2010, Mr. Elworth stated that the claim for warranty work belonged to his corporation; Judge Zwart noted that no counterclaim or setoff was alleged in the defendants' answer and she repeatedly advised Mr. Elworth that the corporation

---

[1] On the other hand, Mr. Peterson failed to supplement his affidavit to advise the court that information was received from Mr. Elworth shortly after the motion for default judgment was filed.

needed to be represented by counsel in order to proceed in this action. Following the status conference call on November 24, 2010, Judge Zwart ordered the parties to exchange information as to the amount of their claims and scheduled another status conference for January 18, 2011, "to discuss the progress toward settlement of this case and its future progression." (Filing 51, at 2.)

Although Mr. Elworth is not blameless and has not demonstrated he has a meritorious defense to the action on his personal guaranty, the plaintiff does not claim that it will be prejudiced if the default that was entered against him on February 28, 2011, is set aside.[2] "As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson*, 140 F.3d at 785. "Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir.1990)).

In point of fact, however, the plaintiff would be prejudiced because a default judgment will not be entered against Elworths' Harley-Davidson Sales & Service, Inc., or Mrs. Elworth while the claim against Mr. Elworth is pending. In *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872), "the Supreme Court held that when defendants are sued as jointly liable, and less than all default, the court may not enter default judgment against the defaulted defendants until the liability of the nondefaulted defendants has been decided." *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997).

In summary, I conclude good cause does not exist for setting aside the default that was entered against Mr. Elworth and the other defendants. While Judge Zwart directed the parties to exchange information to facilitate settlement discussions, any setoff claim for warranty work belongs to the corporation, which is not represented in this action by Mr. Elworth. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). "[T]he law does not allow a corporation to proceed *pro se.*" *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). Mr. Elworth has had nine months to obtain substitute counsel for his corporation, but has failed to do so. It is time to bring this case to a close.

Accordingly,

---

[2] The plaintiff only requests that the default entered against the corporation not be set aside, and that it be allowed to take a default judgment against the corporation.

IT IS ORDERED:

(1)   Defendant Greg Elworth's motion to set aside default (filing 58) is denied.

(2)   Pursuant to Federal Rule of Civil Procedure 55(b), a hearing shall be conducted by the court on Friday, May 27, 2011 at 11:30 a.m. in Courtroom No. 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, Nebraska, for the purpose of receiving evidence to determine the truth of allegations in the plaintiff's complaint and the amount of the plaintiff's damages and attorney's fees, if any. Evidence may be presented by affidavit at the hearing.

(3)   The clerk shall mail a copy of this memorandum and order to the defendants at the following addresses:

> Elworths' Harley-Davidson Sales & Service, Inc.
> 2311 Riverside Blvd.
> Norfolk, NE 68701
>
> Gregory J. Elworth
> 101 East Street
> Hoskins, NE 68740
>
> Mary Jo Elworth
> 514 Lincoln St.
> Norfolk, NE 68701
>
> Mary Jo Elworth
> c/o Jan Einspahr, Attorney
> 601 S. 13th
> P. O. Box 402
> Norfolk, NE 68701

DATED this 25th day of April, 2011.

> BY THE COURT:
>
> *Richard G. Kopf*
> United States District Judge